# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER SMITH,            Case No. 1:10-cv-842
   Plaintiff

                                      Weber, J.
vs                                  Bowman, M.J.

DAVID SCHAEFER, et al.,
   Defendants

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).  Plaintiff's *pro se* complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Plaintiff's complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and  provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly,* 550 U.S. at 556).  Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff brings this action against the Springfield Township Police Department and Springfield Township police officers David Schaefer, Aaron Fitzgerald and Robert Merkle.  Plaintiff alleges that on June 9, 2008, he was "wrongfully handcuffed and brought to a crime scene by Springfield Township Police."  (Doc. 1, p. 5).  He claims that although witnesses at the scene of the shooting said, "That's not the guy," he was arrested and taken to the police station for questioning.  (Doc. 1, p. 5).  Plaintiff alleges that defendants Schaefer, Merkle and Fitzgerald

planted the victim's blood on his shoes, which had been confiscated by Schaefer upon his arrival at the station. (Doc. 1, pp. 5-6). Plaintiff further alleges that Fitzgerald and Merkle lied to him when he was being questioned and that the police "hid[] evidence that would have aided [his] defense." (Doc. 1, p. 7). Plaintiff claims that Schaefer lied under oath at his criminal trial and avers in conclusion that the officers engaged in a conspiracy to fabricate the criminal charges that were brought against him, which resulted in his "wrongful imprisonment." (Doc. 1, pp. 8-9). He requests as relief, damages and "the power of the court to have me released now from ... prison." (Doc. 1, p. 9).

Plaintiff attached as an exhibit to his complaint a pleading filed in Case No. B 0806629 in the Hamilton County, Ohio, Court of Common Pleas. It appears from the Hamilton County Clerk of Court's online docketing records (found at http://www.courtclerk.org/) that plaintiff was indicted in that case on five criminal counts stemming from an incident that occurred on June 9, 2008. Specifically, plaintiff was charged with atttempted murder, felonious assault, aggravated robbery, robbery and having weapons while under disability. On April 8, 2009, following a jury trial, he was convicted of all charges. On May 19, 2009, he was sentenced to an aggregate prison term of twenty-eight (28) years. Plaintiff pursued state appellate remedies. However, the Ohio Court of Appeals affirmed the trial court's judgment on March 17, 2010, and the Ohio Supreme Court denied petitioner leave to appeal on July 13, 2010. On November 30, 2010, the same date that he commenced the instant civil rights action, plaintiff also filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 with this Court, challenging his conviction and seeking release from the terms of imprisonment imposed in the criminal case. *See Christopher Smith v. Warden, Lebanon Corr. Inst.,* Case No. 1:10-cv-841 (Beckwith, J.; Bowman, M.J.).

For the reasons that follow, plaintiff's complaint against the defendants should be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff has no right to relief under 42 U.S.C. § 1983 since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, the complaint essentially alleges that defendants improperly conspired to have plaintiff prosecuted and convicted based on fabricated evidence. The complaint implies that plaintiff's conviction and sentence are illegal because defendants violated plaintiff's constitutional rights in procuring his conviction and sentence. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. However, plaintiff has not alleged any facts showing his conviction has been invalidated by a federal or state court or other appropriate tribunal. Indeed, it appears from the online docketing records maintained by the Hamilton County Clerk of Court that plaintiff's conviction and sentence were upheld in the state direct review proceedings. Moreover, plaintiff's federal habeas corpus

4

petition was only recently filed and is not yet ripe for final adjudication. Since plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action against the defendants. *Id*.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint brought against defendants under 42 U.S.C. § 1983 be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  1/3/11  
    cbc

s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH,<br>    Plaintiff, | Civil Action No. 1:10-cv-842 |
| vs | Weber, J.<br>Bowman, M.J. |
| DAVID SCHAEFER, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).